1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     SAAHDI COLEMAN,                              No.  2:13-cv-1590-EFB P

12                     Plaintiff,

13            v.                                     ORDER AND FINDINGS AND
                                                     RECOMMENDATIONS
14     CDCR, et al.,

15                     Defendants.

16

17            Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18     U.S.C. § 1983.  Defendants move to dismiss pursuant to Rule 12 (b)(6), Federal Rules of Civil

19     Procedure ("Fed. R. Civ. P.") for failure to state a claim.  ECF No. 12.  Plaintiff has filed a

20     motion requesting the court's assistance in obtaining certain documents from prison staff.  ECF

21     No. 17.  As discussed below, the motion for court assistance is denied and it is recommended that

22     the motion to dismiss be granted.

23        **I.  Background**

24            This action proceeds on the complaint filed August 1, 2013.  ECF No. 1.  On October 16,

25     2013, this court concluded that plaintiff had stated cognizable claims against defendants Hill and

26     Lattuga.  ECF No. 5.  Plaintiff claims that these defendants violated his First Amendment right of

27     access to the courts in 2010-2011.  Plaintiff alleges as follows:

28     /////

                                                     1

On September 15, 2010, plaintiff was transferred from Folsom State Prison ("FSP") to the Sacramento County Main Jail ("SCMJ") for a court proceeding. ECF No. 1 at 8. Prison staff provided plaintiff only 10 minutes' notice of the transfer for security reasons. *Id.* Plaintiff was allowed to take with him certain legal materials, including enough postage to contact each court in which he had a pending action to inform them of his change of address. *Id.* One such court in which plaintiff was then proceeding was the U.S. Court of Appeals for the Ninth Circuit, where plaintiff sought reversal of the denial of his federal petition for writ of habeas corpus. *Id.*

On plaintiff's arrival, SCMJ staff placed his property—including his legal materials—in a storage room. *Id.* Plaintiff filed 10 requests for his property or for access to the law library between September 16, 2010 and October 8, 2010, but he never got his property or library access. *Id.* Plaintiff remained at SCMJ until October 12, 2010. *Id.* at 9.

In the meantime, the Ninth Circuit rejected plaintiff's appeal and sent its ruling to the address on file for plaintiff (at FSP) on September 30, 2010. *Id.* Under FSP's mail policy, enforced by defendant Warden Rick Hill, the mail was returned to the appellate court with the stamp "OTC" (out to court) after being held for seven days. *Id.* at 7, 9.

When plaintiff arrived back at FSP, he immediately requested his mail. *Id.* at 9. Defendant Lattuga responded on October 14, 2010:

> The mailroom holds mail for 7 days, then we return to sender with the notation out to court or out to medical. By returning legal mail it stops the clock for date of response, etc. Sometimes inmates are out to court or out to medical for several months, so we abide by Title 15 and the DOM and RTS after 7 days.

*Id.* Plaintiff then submitted a request to receive his legal property, stating that his legal mail had been returned and he had no way of knowing which courts had contacted him. *Id.* at 10. Plaintiff stated that he needed to get his legal property right away to contact the courts and find out what had been sent while he was at SCMJ. *Id.* Nevertheless, plaintiff's property was not returned to him until November 22, 2010. *Id.*

The following day, plaintiff sent a letter to the Ninth Circuit to "make sure that my case was still pending and that there was no undelivered mail." *Id.* Plaintiff asked the court to forward any returned mail to him. *Id.* Plaintiff received no response to the letter, but did receive

the court's December 6th mandate on December 9, 2010. *Id.* That document informed, "The judgment of this court, entered September 30, 2010, takes effect this date." *Id.* It was plaintiff's first notice that the court had decided his appeal, but it did not state the substance of the decision. *Id.* at 11.

On December 13, 2010, plaintiff filed a "Request for Court Ruling Dated September 30, 2010 and Motion to Vacate Judgment Entered on December 6, 2010." *Id.* The motion stated that plaintiff had not received the September 30, 2010 ruling because it had been returned to sender while he was out to court. *Id.* Plaintiff informed the appellate court that he had written earlier to request any mail that had been returned. *Id.* Plaintiff requested a copy of the ruling and asked the court to "vacate the judgment entered on December 6, 2010," but provided no rationale why the judgment should be vacated. *Id.* at 11-12. The motion concluded, "Petitioner may need to appeal or file something based on the September 30, 2010 ruling, and petitioner requests that the courts afford petitioner that right." *Id.* at 12.

Plaintiff received a copy of the September 30th ruling on December 23, 2010, but received no response to his request that the mandate be vacated. *Id.* The next day, he sought to file a "Motion for Extension of Time to File Petition of Certiorari" in the U.S. Supreme Court, affixing five indigent envelopes to the motion as required by prison regulations to cover postage. *Id.* On December 30, 2010, plaintiff learned that defendant Lattuga had refused to accept the envelopes as postage and had not mailed the motion. *Id.*

That same day, plaintiff successfully filed the motion for extension with the U.S. Supreme Court, "based on the fact that plaintiff received the Ninth Circuit Court of Appeals' September 30, 2010 ruling December 23, 2010, defendant Valerie Lattuga's legal advice, and that he was awaiting a ruling on his motion to vacate to restore his appeal time limits." *Id.* The motion was denied on January 18, 2011 as untimely because it was not filed on or before December 29, 2010. *Id.*

While his motion for extension of time was pending in the U.S. Supreme Court, plaintiff filed a petition for rehearing en banc in the Ninth Circuit. *Id.* On January 18, 2011, that request, along with all of plaintiff's other pending motions, was denied. *Id.* The case was closed, "and

3

1  [plaintiff's] appeal filing deadlines had not stopped as defendant Valerie Lattuga stated they

2  would." *Id.*

3    **II. Plaintiff's Motion for Court Assistance**

4        Plaintiff has filed a "Request for Court Order for Return of Exhibits in Support of 'Reply

5  to Defendants' Motion to Dismiss'." ECF No. 17. Plaintiff states that prison officials have not

6  returned to him several exhibits he needs to support his opposition to the pending motion to

7  dismiss. At the time he filed the motion, plaintiff was apparently pursuing administrative avenues

8  to obtain the missing documents, but he has not informed the court whether he ever received the

9  documents through those avenues. ECF No. 18. Plaintiff has not described those exhibits nor

10  explained how they are necessary to support the opposition brief, but has described them as

11  numbered 2, 4, 6, 7, and 18. *Id.*

12        Plaintiff's opposition brief, as filed, included numbered exhibits from which those

13  numbers were missing. ECF No. 19. From that brief, it appears that the majority of the missing

14  exhibits are copies of plaintiff's attempts to file administrative grievances regarding the issues

15  raised by this case. *Id.* at 10-13 (quoting from Exhibits 2, 4, 6, and 7). These exhibits are

16  relevant solely to the exhaustion argument that defendants initially raised in their motion but

17  withdrew in their reply due to the intervening decision in *Albino v. Baca*, 747 F.3d 1162 (9th Cir.

18  Apr. 3, 2014) (holding that the defense of failure to exhaust must be raised in a motion for

19  summary judgment rather than a motion to dismiss unless the failure to exhaust is demonstrated

20  from the allegations of the complaint itself). Plaintiff has made no showing that Exhibit 18 is

21  necessary to the determination of defendants' arguments of issue and claim preclusion. Because

22  the doctrines of issue and claim preclusion bar plaintiff's claims here and there is no indication

23  that Exhibit 18 is necessary to their determination of the motion to dismiss, plaintiff's motion for

24  an order compelling the return of his exhibits is denied.

25    **III. Defendants' Motion to Dismiss**

26        Plaintiff has previously litigated some of the claims he asserts here in a California state

27  court habeas petition filed on July 3, 2012. ECF No. 14 at 13-28. In particular, plaintiff

28  challenged the prison's policy of returning mail sent to out-to-court prisoners after a 7-day hold

1 (hereinafter the "OTC policy") and the false information defendant Lattuga had provided him

2 that, "[b]y returning legal mail it stops the clock for date of response, etc." as a violation of his

3 federal constitutional right of access to the courts.  *Id.* at 16 ("The instant habeas petition is filed

4 because my federal and state constitutional rights were violated.  My access to the courts was

5 obstructed.  I was given false information by a CDCR staff member, which resulted in the end of

6 my criminal appeal."[1]).  He did not inform the state court of defendant Lattuga's December 24,

7 2010 refusal to mail his motion for an extension of time to seek certiorari in the U.S. Supreme

8 Court or challenge that act as a violation of his right to access the courts in the same appeal.

9 Plaintiff sought a declaration as to the validity of the OTC policy, an order compelling CDCR to

10 pay for an attorney to represent him in his federal habeas petition, and an order requiring the

11 reinstatement of his federal habeas petition.  *Id.* at 27.

12       Federal courts must "give to a state-court judgment the same preclusive effect as would be

13 given that judgment under the law of the State in which the judgment was rendered."  *Migra v.*

14 *Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (interpreting 28 U.S.C. § 1738).  The

15 Ninth Circuit has concluded that, under California law, a state habeas judgment may have claim-

16 and/or issue-preclusive effect on a later federal § 1983 action.  *Gonzales v. Cal. Dep't of Corr.*,

17 739 F.3d 1226, 1230, 1231 (2014).  Claim preclusion "forecloses successive litigation of the very

18 same claim, whether or not relitigation of the same claim raises the same issues as the earlier

19 suit," while issue preclusion "bars successive litigation of an issue of fact or law actually litigated

20 and resolved in a valid court determination essential to the prior judgment, even if the issue recurs

21 in the context of a different claim."  *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008) (internal

22 quotation marks omitted).  "The prerequisite elements for applying the doctrine [of preclusion] to

23 either an entire cause of action or one or more issues are the same: (1) A claim or issue raised in

24 the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior

25       [1] What petitioner refers to as his "criminal appeal" was actually a federal habeas petition

26 challenging his conviction.  *Coleman v. Adams, et al.,* E.D. Cal. Case No. 2:07-cv-00136-JAM-GGH.  That petition was denied by the district court as untimely.  The Ninth Circuit upheld that

27 ruling in its memorandum opinion of September 13, 2010, the ruling petitioner did not timely receive because he was out-to-court, had not submitted a change of address to the Ninth Circuit,

28 and the opinion was returned to the Ninth Circuit under the prison's OTC policy.

1    proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine

2    is being asserted was a party or in privity with a party to the prior proceeding." *Boeken v. Philip*

3    *Morris USA, Inc.,* 48 Cal.4th 738, 797 (2010) (internal quotation marks omitted).

4         Defendants first argue that, under California's claim preclusion rules, all of the claims

5    plaintiff raises in this action are precluded by judgment entered on the state habeas action.  Under

6    those rules, "all claims based on the same cause of action must be decided in a single suit; if not

7    brought initially, they may not be raised at a later date." *Mycogen Corp. v. Monsanto Co.*, 28

8    Cal.4th 888, 897 (2002).  The phrase "cause of action" for claim preclusion purposes means "the

9    right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal

10   theory (common law or statutory) advanced." *Boeken*, 48 Cal.4th at 798.  Claim preclusion

11   "precludes piecemeal litigation by splitting a single cause of action or relitigation of the same

12   cause of action on a different legal theory or for different relief." *Mycogen Corp.*, 28 Cal.4th at

13   897 (internal quotation marks omitted).  Claims which could have been brought in the earlier

14   action are also barred by the doctrine to prevent parties from "by negligence or design

15   withhold[ing] issues and litigat[ing] them in consecutive actions." *Aerojet-General Corp. v. Am.*

16   *Excess Ins. Co.*, 97 Cal. App. 4th 387, 402 (2002).  Thus, a cause of action that was not raised in

17   the earlier action will be barred if with diligence it could have been brought in that action.  *Allied*

18   *Fire Protection v. Diede Construction, Inc.*, 127 Cal. App. 4th 150, 156 (2005).

19        There is no dispute here that the habeas action resulted in a final judgment on the merits

20   (*see* ECF No. 13-1 at 2-7) or that the party against whom preclusion is sought to be applied is

21   identical in both cases (plaintiff).  Thus, all that remains for the court to determine is whether

22   plaintiff seeks to pursue the same cause of action here that he pursued in the state habeas action or

23   whether plaintiff is pursuing a claim that he could have raised in the state action.

24        To determine whether the same cause of action is being litigated in a subsequent case,

25   California courts employ the "primary rights" theory. *Gonzales*, 739 F.3d at 1232.  Under this

26   theory, a cause of action is composed of three elements: (1) plaintiff's primary right, (2)

27   defendant's primary duty, and (3) a wrongful act by defendant to breach that duty.  *Id.* at 1232-33.

28   "When two actions involving the same parties seek compensation for the same harm, the

generally involve the same primary right." *Boeken*, 48 Cal.4th at 798.  Thus, these state-law standards are considered as to each claim raised in this action.

In plaintiff's first cause of action, he alleges:

> The CDCR mail return policy for inmates temporarily housed "out to court" for more than (7) days denied plaintiff notice of the Ninth Circuit Court of Appeals September 30, 2010 ruling, which denied plaintiff his constitutional right to petition the Ninth Circuit for a rehearing or seek writ of certiorari, which constitutes an actual injury and denial of access to the court claim.

ECF No. 1 at 20.  Plaintiff litigated the identical claim in the state habeas petition.  ECF No. 14 at 15-16.  There, he claimed that his right of access to the courts was violated by the application of the OTC policy to his mail in September 2010.  *Id.*  Both claims involved plaintiff's primary right to access the court in his appeal to the Ninth Circuit, prison authorities' duty not to obstruct that right, and their alleged breach of that right by returning his mail to the Court of Appeals instead of forwarding it to him.

Plaintiff attempts to distinguish his first cause of action from the claim litigated in the state petition by arguing that here he seeks action against defendant Hill and there he did not. "Plaintiff specifically did not request any action be taken against Rick Hill . . . in his state court proceedings, because a habeas corpus petition offered no relief for their actions."  ECF No. 19 at 7.  In contrast, he seeks $500,000 damages against defendant Hill here.  ECF No. 1 at 30.  This distinction does not foreclose application of claim preclusion, however.  As noted above, the doctrine applies to relitigation of the same cause of action even where different relief is sought. *Mycogen Corp.*, 28 Cal.4th at 897.  For that reason, the Ninth Circuit has expressly rejected plaintiff's argument.  *Gonzales*, 739 F.3d at 1232 (holding that, under California's claim preclusion doctrine, state habeas judgments may foreclose later civil rights cases even though damages are not available in habeas actions).

Plaintiff also notes that he was "specifically instructed by the High Desert State Prison C-Facility law librarian C. Davis that the procedure for exhausting his administrative remedies to file a federal civil complaint was to file a state habeas corpus petition."  ECF No. 19 at 7.  To the extent plaintiff believes that these circumstances should exempt his case from the ordinary rules of claim preclusion, there is no authority for so holding.

7

1          The existence of an equitable exception to California preclusion law is currently in doubt.

2    In 1948, the California Supreme Court refused to afford preclusive effect to a prior judgment

3    where the prior court "was obviously misled and mistaken as to the true issues involved" and

4    where the parties had taken inconsistent positions in the prior litigation. *Greenfield v. Mather*, 32

5    Cal.2d 23, 34 (1948). Application of preclusion doctrines would have resulted in one party

6    receiving over $6,000 to which he was not entitled, at the expense of the other party. *Id.* The

7    court stated that, "in rare cases a judgment may not be res judicata, when proper consideration is

8    given to the policy underlying the doctrine . . . . In such cases it will not be applied so rigidly as

9    to defeat the ends of justice or important considerations of policy." *Id.* at 35.

10         Justice Traynor dissented. He noted that, while the majority purported to adhere to claim

11   preclusion rules, it had departed from those rules in such a "cavalier" manner as to "throw[] into

12   question the finality of any judgment." *Id.* at 35-36. In a later case, the California Supreme Court

13   approvingly quoted Justice Traynor's dissent and stated, "We consider the *Greenfield* doctrine of

14   doubtful validity and it has been severely criticized." *Slater v. Blackwood*, 15 Cal.3d 791, 796-97

15   (1975). While the court did not find it necessary in that case to overrule *Greenfield*, it did limit its

16   application by holding that considerations of policy or justice would not prevent claim preclusion

17   from applying where the claimed injustice was a change in law following the first judgment. *Id*.

18         Plaintiff has pointed to no case in which a court has declined to afford preclusive effect to

19   a prior judgment because the prior case was filed in reliance on bad legal advice. Plaintiff was

20   afforded a full hearing on the legality of the OTC policy before the California habeas court.

21   Moreover, it is not clear that manifest injustice would result from the application of preclusion

22   law here. Plaintiff can presumably litigate the effect of Mr. or Ms. Davis's advice on his ability

23   to pursue damages on the claims raised here in a separate access-to-courts case if he so chooses.

24   Because California courts apply the *Greenfield* exception exceedingly rarely, if ever, and because

25   plaintiff has not made the case for the application of the exception here, the undersigned

26   recommends that the court decline to apply it. Plaintiff litigated the constitutionality of the OTC

27   policy in his state habeas petition and therefore that claim is precluded here.

28   /////

In plaintiff's second cause of action, he alleges:

> The legal advice defendant Valerie Lattuga gave plaintiff that "by returning legal mail it stops the clock for date of response, etc." was erroneous. Based on defendant Valerie Lattuga's erroneous legal advice, plaintiff filed for a rehearing and missed his deadline to seek writ of certiorari, which constitutes an actual injury and denial of access to court claim.

ECF No. 1 at 25. Plaintiff did not include a separate claim in his state habeas petition alleging that defendant Lattuga's statement had denied him access to courts, but rather included this fact as part of his claim that the OTC policy was unlawful and lacked "sufficient safeguards" to protect the rights of inmates. ECF No. 14 at 16. Plaintiff essentially alleged that the statement, in combination with the OTC policy, deprived him of his right to seek rehearing of the Ninth Circuit's rejection of his appeal. *Id.*

Plaintiff's second claim is barred by the doctrine of issue preclusion. That doctrine precludes relitigation of an issue if: (1) the issue is identical to one decided in a prior proceeding; (2) the issue was necessarily decided in the prior proceeding; (3) the issue was actually litigated in the prior proceeding; (4) the decision in the prior proceeding was final and on the merits; and (5) the party against whom preclusion is sought is the same as in the prior proceeding. *Lucido v. Superior Court,* 51 Cal.3d 335, 341 (1990).

In determining the merits of the state petition, the state court found that plaintiff's access to courts claim failed because his injury (not being able to timely seek rehearing) was not due to defendant Latugga's statement, but rather due to plaintiff's lack of diligence.   ECF No. 13-1 at 2-7 (noting that plaintiff had not explained why he waited from October 12 until November 23 to write to the Ninth Circuit).[2]   Because plaintiff must prove that defendant Latugga's conduct

/////

/////

---

[2] In this case, plaintiff alleges that this delay was caused by prison officials' failure to provide him with law library access and his legal property until November 22. ECF No. 1 at 8, 10. Unfortunately for plaintiff, these newly-asserted facts do not prevent the application of issue preclusion, because the facts were available to plaintiff at the time of the state action, and he could have presented them to the state court. *Direct Shopping Network, LLC v. James*, 206 Cal. App. 4th 1551, 1561-62 (2014) (issue preclusion applied despite alleged "new facts," because the facts could have been discovered at the time of the prior action).

1    caused his injury in this action as well, *Gerlach v. City of Bainbridge Island*, 551 F. App'x 418,

2    419 (9th Cir. 2014), the state determination of this issue is preclusive of plaintiff's claim against

3    defendant Lattuga if the five prerequisites noted above are present here.

4         There is no dispute that the state habeas court issued a final determination on the merits of

5    plaintiff's access to courts claim or that plaintiff here was the petitioner there. ECF No. 13-1 at 2-

6    7. Nor is there any question that the issue is the same in both cases; that is, whether defendant

7    Lattuga's statement caused plaintiff to miss his filing deadline. The issue was "necessarily

8    decided" by the state court, because it was "not entirely unnecessary" to the judgment; the state

9    court had to determine whether plaintiff's allegation that defendant Lattuga's statement, in

10   combination with the OTC policy, caused plaintiff to miss the deadline, as plaintiff alleged.

11   *Lucido*, 51 Cal.3d at 342. Lastly, this issue was actually litigated in the state proceeding with

12   plaintiff arguing that defendant Lattuga's statement caused him to delay filing. ECF No. 14 at 15,

13   16 (state habeas petition, noting defendant Lattuga's "stops the clock" statement); ECF No. 13-1

14   at 13 (petitioner's traverse brief, arguing that petitioner was not to blame for failing to

15   immediately follow up with the Ninth Circuit on his return to Folsom State Prison in part because

16   "Valerie Lattuga . . . opined that by sending the material sent back stamped OTC it 'stops the

17   clock' on deadlines."); ECF No. 13-2 at 23-24 (petitioner's state court brief arguing that

18   defendant Lattuga provided him legal advice when she told him that returning mail "stops the

19   clock" for filing deadlines); ECF No. 13-3 at 4-5 (petitioner's state court brief arguing that "the

20   legal advice Valerie Lattuga gave about the effect of the prison's mail return policy defrauded

21   petitioner out of his appeal"); ECF No. 13-1 at 6-7 (state habeas decision discussing whether

22   defendant Lattuga's statement caused the delay in plaintiff's filing).

23        Petitioner again argues that this claim should not be precluded because he seeks damages

24   against defendant Lattuga here and could not in the state action. This argument is foreclosed by

25   *Silverton*, in which the Ninth Circuit expressly held that state habeas determinations could have

26   issue preclusive effect in federal § 1983 cases despite the different remedies available in habeas

27   and § 1983 actions. 644 F.2d at 1347.

28   /////

1    Because principles of issue preclusion prevent plaintiff from rearguing here whether

2    defendant Lattuga's "stop the clock" statement caused him to miss the deadline for seeking

3    rehearing in the Ninth Circuit, his claim against her based on that statement must be dismissed.

4    In plaintiff's third, and final,[3] cause of action, he alleges:

5    Defendant Valerie Lattuga and the mailroom staff's illegal rejection of plaintiff's
     "5" indigent envelopes for postage [on December 24, 2010] literally denied
6    petitioner access to the courts and caused plaintiff to miss his filing deadline to
     seek writ of certiorari, which constitutes an actual injury and denial of access to
7    the courts claim.

8    ECF No. 1 at 27.  Defendants argue that this claim is precluded because it could have been raised

9    in the state court action.  While this cause of action is different from those litigated in the state

10   petition because it addresses a separate breach of plaintiff's primary right of access to the courts

11   in his appeal of the district court's rejection of his federal habeas petition, it is nevertheless

12   barred.  Under California law, claims which could have been brought in an earlier action are also

13   barred by the doctrine of claim preclusion to prevent parties from "by negligence or design

14   withhold[ing] issues and litigat[ing] them in consecutive actions."  *Aerojet-General Corp.*, 97

15   Cal. App. 4th at 402; *Allied Fire Protection*, 127 Cal. App. 4th at 156 (a cause of action that was

16   not raised in the earlier action will be barred if with diligence it could have been brought in that

17   action).  Plaintiff had all the facts that form the basis of this claim at the time he filed the state

18   court petition on July 3, 2012.  *See* ECF No. 14 at 13.  Because plaintiff could have brought this

19   claim in his earlier action alleging denial of access to the courts in his federal appeal, it is barred

20   here.[4]

21   **IV. Order and Recommendation**

22   For the reasons stated above, it is hereby ORDERED that:

23   1.  The Clerk of Court randomly assign a District Judge to this action; and

24   2.  Plaintiff's March 17, 2014 motion for return of exhibits (ECF No. 17) is denied.

25

26   [3] Although plaintiff's complaint also includes a fourth cause of action, it was dismissed by
     the court's screening order.  ECF No. 5 at 3-4.

27

28   [4] Because plaintiff's claims here are precluded by the judgment entered in his state habeas
     action, defendants' alternative arguments in favor of dismissal need not be addressed.

11

1    Further, it is RECOMMENDED that defendants' January 24, 2014 motion to dismiss

2  (ECF No. 12) be granted.

3    These findings and recommendations are submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5  after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

9  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10  DATED:  September 9, 2014.

11

12                                EDMUND F. BRENNAN
                                 UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12